# IN THE UNITED STATES DISTRICT COURT
## FOR THE

HABEAS CORPUS MOTION UNDER 28 USC 2255

**CV 14 -        4957**

RECEIVED

[eff. 12/1/04]

AUG 18 2014

PRO SE OFFICE

UNITED STATES OF AMERICA

vs.

Criminal Indictment
Civil Action

Abdul Kadir
_____
(Full name of Movant)

Abdul Kadir
_____
(Include name under which you were convicted)

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment)

Abdul    Kadir
_____
NAME
  64656-053
_____
PRISON  NUMBER
  U.S.P. Canaan, P.O. BOX 300, Waymart, PA 18472
_____
Place of Confinement

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

### INSTRUCTIONS–READ CAREFULLY

1. You must include all potential claims and supporting facts for which you might desire to seek review because a second or successive habeas corpus motion cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of Appeals as set forth in instruction #10.

2. Your habeas corpus motion must be filed within the 1-year Statute of limitations time limit set forth below in instruction #8. (There are limited circumstances in which the motion may be amended, within the one-year time period, to add additional claims or facts, see Federal Rule Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, See _United States v. Thomas, 221 F. 3d 430 (3d Cir. 2000)._

3. Any willfully false statement of a material fact in your habeas corpus motion, in a motion to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for dismissal of your habeas corpus motion and prosecution for perjury or making false statements.

4. This habeas corpus motion must be typewritten, printed or legibly handwritten and **signed by you as the movant on Page 8.** You should answer all questions concisely in the proper space of the habeas corpus motion. If you or by your counsel or representative need more room to answer any question, you may write on the reverse blank sides of the habeas corpus motion.

5. You may not attach additional pages to the habeas corpus motion. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the habeas corpus motion.

Your habeas corpus motion will be filed if you have followed these instructions and it is in proper order.

6. There is NO filing fee for the habeas corpus motion. You may have to pay for counsel, transcripts, appeal and other costs. To request permission to proceed in forma pauperis without paying for these things, you must completely fill out pages 9 and 10 of the habeas corpus motion. You should answer all questions and sign where indicated on page 10. You should see to it that an authorized prison official completes the certification on page 10. You must prove that you cannot pay because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

7. Only final Court judgments entered by one federal judge may be challenged in a single habeas corpus motion. If you seek to challenge court judgments entered by different federal judges, you must file separate habeas corpus motions as to each judge.

8. 28 USC 2255 provides that there is a 1-year statute of limitations which runs from the latest of:
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

9. 28 USC 2244(a) provides that except as stated in instruction #10, no federal judge is required to entertain a habeas corpus motion if a federal judge has already determined the legality of the detention of the person filing the motion in a prior habeas corpus motion.

10. 28 USC 2244(3) provides that before you can file a second or successive habeas corpus motion in the district court you must file a motion with the Third Circuit Court of Appeals for an order authorizing the district court to consider your second or successive habeas corpus motion. 28 USC 2255 provides that the second or successive habeas corpus motion must be certified by the Court of Appeals to contain:
   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

11. When the habeas corpus motion is fully completed, the original and *three* copies must be mailed to:

# MOTION

1. Name and location of Court which entered the judgment of conviction under attack: __U.S. District Court, Eastern District of New York,( Brooklyn )__

2. Date and judgment of conviction: __12 /15 , 2010__

3. Length of Sentence: __Life plus 80 years__ Sentencing Judge: __Dora L. Irrizarry__

4. Nature of offense or offenses for which you were convicted: _18 U.S.C § 2332 f(a)(2) , 2332 f(b)(1)(D) , 2332 f(b)(1)(E) , 2332 f(b)(2)(A) , 2332 f(b)(2)(C), 2332 f(c); 18 U.S.C § 844 (i) and (n) , 18 U.S.C § 32 (a)(R) , 18 U.S.C § 37 (a), 37 (b)(l) and 37 (b)(2) ; 18 U.S.C § 1992 (a)(10) , 1992 (c)(1) , 1992 (c)(2)_

5. What was your plea: (Check one)
  (a) Not Guilty [ X ]    (b) Guilty [   ]     (c) Nolo Contendere [   ]

If you entered guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details : _____

_____

6. What kind of Trial : (Check One)        (a) Jury [X]       (b) Judge Only [   ]

7. Did you testify at the trial ?   Yes [X]     No [   ]

8. Did you appeal from the judgment of conviction ?    Yes [X]     No [   ]

9. If you did appeal, answer the following:

  (a) Name of Court: __Court of Appeals , 2nd Circuit__

  (b) Result : __Affirmed__

  (c) Date of Result: __May 31st, 2013__

10: Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court ?   Yes[X]     No[   ]

11. If your answer to #10 was "YES", give the following information:

  (a)(1) Name of Court: __Supreme Court__

    (2) Nature of proceeding: __Petition For Writ of Certiori__

_____

(3) Grounds Raised: _____*N/A*_____

*New  standard  under  DE NOVO*

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion ?
        Yes [  ]        No [X]

(5) Result: _____**Certiori Denied**_____

(6) Date of Result: _____October 7th, 2013_____

(b) As to any second petition, application or motion, give the same information:

   (1) Name of Court: _____-----_____

   (2) Nature of Proceeding: _____-----_____

   (3) Grounds raised: _____-----_____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion ?
          Yes [  ]      No [X]

   (5) Result: _____-----_____

   (6) Date of Result: _____-----_____

(c) As to any third petition, application or motion, give the same information:

   (1) Name of Court: _____-----_____

   (2) Nature of Proceeding: _____-----_____

   (3) Grounds raised: _____-----_____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion ?
          Yes [  ]      No [X]

(5) Result: _____

_____

(6) Date of Result: _____

(d) Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion ?

| | | |
|---|---|---|
| (1) First petition, Etc. | Yes [  ] | No [  ] |
| (2) Second petition, Etc. | Yes [  ] | No [  ] |
| (3) Third petition, Etc. | Yes [  ] | No [  ] |

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not ?

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully.

    **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for belief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds which you may have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of those grounds.

    (a) Conviction obtained by plea of Guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.
    (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search & seizure.
    (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    (e) Conviction obtained by a violation of the privilege against self-incrimination.
    (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
    (g) Conviction obtained by a violation of the protection against double jeopardy.
    (h) Conviction obtained by action of a grand jury or petit jury which was unconstitutionally selected and impaneled.
    (i) Denial of effective assistance of counsel.
    (j) Denial of right to appeal.

A. Ground One: Whether District Court Erred " And committed Abuse of Discretion by violating [ F.R.EV.P. ] Rule 402 and 403 by calling in Terrorist Expert to testify about other terrorist acts around the world that had nothing to do with said case? 5th and 14th Amendment Due Process Violations,:

(Specific FACTS supporting this ground without citing cases or law):

When Government called in Terrorist Expert,... He testified to facts that were not relevant to the case at trial,... And had nothing to do with Petitioner's case,... see Supplemental brief,... 5th and 14th Amendment Due Process Violations:

B. Ground Two: Whether District court Erred ", by committing Abuse of Discretion by violating [ F.R.EV.P. ] Rule 404(b)? 5th and 14th Amendment Due Process Violations,...

(Specific FACTS supporting this ground without citing cases or law):

When Government introduced picture of Petitioner holding guns and AK47,... It was so highly prejudicial because this kind of gun is associated with terrorists and this tainted Petitioner's trial,... See Supplement Brief,... 5th and 14th Amendment Due Process Violations,...

C. Ground Three: Whether District Court Erred " by committing Abuse of Discretion, by denying Mitigating Exculpatory Evidence at trial Pursuant to Petitioner Kadir's culpability in said case? 5th and 14th Amendment Due Process Violations:

(Specific FACTS supporting this ground without citing cases or law):

During trial Petitioner wanted to introduce the recorded conversations by (CI) Francis which showed Petitioner's innocence and that he wanted nothing to do with said plan,... But the Trial Court denied Petitioner from introducing this evidence which was mitigating evidence,... See supplemental brief, 5th and 14th Amendment Due Process Violations:

D. Ground Four: Whether attorney Kafahni Nkrumah was constitutionally ineffective during Petitioner Abdul Kadir's trial and sentencing by not raising the right trial defense based on a Mens Rea," or correct Sentencing Memorandum Of Law,..? 6th Amendment Violation:...

(Specific FACTS supporting this ground without citing cases or law):

During trial Counsel failed to present all the mitigating evidence or proper

trial defense which all could have been used for sentencing,... Counsel's

unprofessional errors resulted in Petitioner receiving a life sentence,...

See Supplemental Brief,... 6th Amendment Violation,...


13: If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

LAWYER FAILED TO RAISE THEM!




14: Do you have any petition or appeal now pending in any court, either state federal, as to the judgment under attack ?
Yes [ ]    No [X]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attached herein:

(a) At Preliminary Hearing:  Kafahni Nkrumah


(b) At Arraignment & Plea:  Kafahni Nkrumah


(c) At Trial  Kafahni Nkrumah and Toni Messina


(d) At Sentencing:  Kafahni Nkrumah and Toni Messina


(e) On Appeal:  Arza Feldman; 626 EAB Plaza West Tower,

6th Floor, Uniondale, N.Y. 11556

(f) If any post-convictions proceeding: _____

_____

(g) On Appeal from any adverse ruling in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an Indictment, or more than one Indictment, int the same court and at approximately the same time ?          Yes [X]          No [ ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack ?
          Yes [ ]          No [X]

(a) If so, give name and location of court which imposed sentence to be served in the future:

_____  - - - - -  _____

_____  - - - - -  _____

(b) And give date and length of sentence to be served in the future: _____  - - - - - _____

_____  - - - - -  _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the  sentence to be served in the future ?          Yes [ ]          No [X]

Wherefore, movant prays that the Court will grant him all relief to which he may be entitled in this proceeding.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on ___8/11/14·___          _____
           (Date)          (Signature of Movant or Movants Representative)

_____
Signature of Attorney (if any)

-8-

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO. 1:07-CR-543-DLI

UNITED STATES OF AMERICA

.VS.

ABDUL KADIR

---

" SUPPLEMENTAL BRIEF," AND
" MEMORANDUM OF LAW," IN
SUPPORT OF 28, U.S.C. 2255
MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE:

---

THE HONORABLE JUDGE
DORA L. IRIZARRY.

---

OPENING BRIEF OF MOVANT
ABDUL KADIR

---

ABDUL KADIR
/
NO. 64656-053
U.S.P. CANAAN
P.O. BOX 300
WAYMART, PA 18472

# TABLE OF CITATIONS

STATUTES.                                                                    PAGES.

18, U.S.C. 32(a)(8), 37(a), 37(b)(1), 37(b)(2)
18, U.S.C. 844(i) and (n)
18, U.S.C. 1992(a)(10) 1992(c)(1) 1992(c)(2)
18, U.S.C. 2332 F(b)(2)(c) 2332 F(a)(2) 2332 F(b)(1)(D)
    2332 F(b)(1)(E) and 2332 F(c)
18, U.S.C. 1623
28, U.S.C. 2255
[ F.R.EV.P. ] RULES 402,403,404(b)
[ F.R.EV.P. ] RULES 104(a)+(b) and 702(3)


## CONSTITUTIONAL PROVISIONS

U.S. CONST. AMEND. V                                          PASSIM
U.S. CONST. AMEND. VI                                         PASSIM
U.S. CONST. AMEND. XIV                                        PASSIM


## LEGAL RULES

ABUSE OF DISCRETION                                           PASSIM
DE NOVO                                                       PASSIM
MANIFEST CONSTITUTIONAL ERROR
MANIFEST ERROR
FUNDAMENTAL MISCARRIAGE OF JUSTICE
INEFFECTIVE ASSISTANCE OF COUNSEL.

## CASES

|      |                                                                                  | PAGES |
|------|----------------------------------------------------------------------------------|-------|
| (1)  | BEATHERD V. JOHNSON 177 F.3d. 340 (5th Circuit 1999)                             | 8     |
| (2)  | BOURJAILY V. UNITED STATES 483 U.S. 171 (1987)                                  | 6     |
| (3)  | DOWTHITT V. JOHNSON 230 F.3d. 733 (5th Circuit 2000)                            | 10    |
| (4)  | DUGAS V. COPLAN 428 F.3d. 317,332 (1st Circuit 2005)                            | 11    |
| (5)  | EDDINGS V. OKLA 455 U.S. 104,113 (1982)                                         | 9     |
| (6)  | ELEY V. BAGLEY 604 F.3d. 958,968-70 (6th Circuit 2010)                          | 11    |
| (7)  | GRAY V. KLAUSER 282 F.3d. 633 (9th Circuit 2002)                               | 10    |
| (8)  | HAINES V. KERNER 404 U.S. 519,520,92 S.CT. 594, 30L. Ed.2d. 652 (1972) [Per Curiam] | 5 |
| (9)  | JOHNSON V. MITCHELL 585 F.3d. 923,945 (6th Circuit 2009)                       | 11    |
| (10) | LAFLER V. COOPER 178 L.Ed.2d. 622 (2011 LEXIS 10)                              | 12    |
| (11) | LAMBRIGHT V. SCHRIRO 490 F.3d. 1103,1114-15 (9th Circuit 2007)                 | 10    |
| (12) | STRICKLAND V. WASHINGTON 466 U.S. 668 (1984)                                   | 12    |
| (13) | TANNER V. WESTBROOK 174 F.3d. 542 (5th Circuit 1999)                           | 7     |
| (14) | U.S. V. ANDERSON 933 F.2d. 1261 (5th Circuit 1991)                             | 7     |
| (15) | U.S. V. BRADLEY 173 F.3d. 225 (3rd Circuit 1999)                               | 7     |
| (16) | U.S. V. FELL 531 F.3d. 197,222 (2nd Circuit 2008)                              | 10    |
| (17) | U.S. V. HESTER 140 F.3d. 753 (8th Circuit 1998)                                | 7     |
| (18) | U.S. V. HITT 981 F.2d. 422 (9th Circuit 1992)                                  | 6     |
| (19) | U.S. V. MILES 207 F.3d. 988 (7th Circuit 2000)                                 | 8     |
| (20) | U.S. V. MULDERIG 120 F.3d. 354 (5th Circuit 1997)                              | 9     |

-3-

ABDUL KADIR
NO. 64656-053
U.S.P. CANAAN
P.O. BOX 300
WAYMART, PA 18472


IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No. 1:07-CR-543-DLI |
| .V. | The Honorable Judge |
| | Dora L. Irizarry. |
| ABDUL KADIR | |


" SUPPLEMENTAL BRIEF," AND

" MEMORANDUM OF LAW," IN

SUPPORT OF 28, U.S.C. 2255

MOTION TO VACATE, SET ASIDE,

OR CORRECT SENTENCE


TO THE HONORABLE JUDGES OF SAID COURT:


        Now comes, The Pro-se defendant Abdul Kadir Movant
in the above named caption, who does hereby move This Honorable
Court for an ORDER GRANTING Defendant's Supplemental Brief' and
Memorandum of Law, in support of 28, U.S.C. 2255 Motion To Vacate
Set Aside, or Correct Sentence and avers the following thereof:


-4-

I Defendant: Abdul Kadir Proper In Propria proceeding Sui Juris, in the above captioned case and Titled Motion, Claim, and Affidavit:

## AFFIDAVIT OF ABDUL KADIR:

I Abdul Kadir, hereby state the following to be true correct and complete, Under Title 18, U.S.C. 1623, Under The Pains And Penalties Of Perjury and Under Title 28, U.S.C. 1746 on this 21st day of June , 2014,....I state as follows:

(1) Haines V. Kerner, 404 U.S. 519,520,92 S.CT. 594, 30 L. Ed. 2d. 652 (1972)[ Per Curiam ]: Pro-se litigants pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers,... This request is also in the interest of justice,...

## ARGUMENT POINT ONE

WHETHER DISTRICT COURT " ERRED " AND
COMMITTED ABUSE OF DISCRETION
BY VIOLATING [ F.R.EV. P. ] RULE 402
AND 403 BY CALLING IN TERRORIST
EXPERT TO TESTIFY ABOUT OTHER
TERRORIST ACTS AROUND THE WORLD
THAT HAD NOTHING TO DO WITH SAID
CASE? 5th AND 14th AMENDMENT DUE
PROCESS VIOLATIONS...

(A) STANDARD OF REVIEW IS DE NOVO BASED ON
ABUSE OF DISCRETION, SEE U.S. V. HITT
981 F.2d. 422 ( 9th CIRCUIT 1992 )

According to U.S. V. Hitt, 981 F.2d. 422 ( 9th Circuit
1992 ) Where evidence is of very slight if any probative value,
it is Abuse of Discretion to admit if there is even modest
likelihood of unfair prejudice or small risk of misleading the
jury,... The [ F.R.EV.P. ] Rule 402 Irrelevant Evidence Inadmissable
Also see Rule 403, Although relevant, evidence may be excluded if
it's probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury,...

During Petitioner Kadir's trial, The Government called
in Matthew Levitt an expert on terrorist organizations, Al-Qaeda,
Hezbollah, and Hamas,... See App. (179). The Government had him
give testimony about terrorist attacks and functions,... This
testimony and facts had nothing to do with said case or any
relevancy to the case at trial,... This testimony was entered as
evidence,... Based on expert testimony which was so highly prejudicial
that it tainted the fairness of the trial,... Especially when the
District Court violated The [ F.R.EV.P. ] Rule 702(3) and 104(a)
The witness has applied the principles and methods reliably to
the facts of the case,... And this is the issue,... Matthew Levitt's
expert testimony had nothing to do with the facts of the case,...
Nor did The District Court use the principles of Rule 104(a) before
they allowed for this prejudicial testimony to be heard by the
jury,...

Rule 104(a) and 104(b) Relevancy conditioned on fact.
When the relevancy of evidence depends upon the fulfillment of a
condition of fact, The Court shall admit it upon, or subject to
the introduction of evidence sufficient to support a finding of
the fulfillment of the condition,... This Rule must be " Met ",
by the burden of establishing that the pertinent admissibility
requirements are met by a preponderance of the evidence,... See
Bourjaily V. United States 483, U.S. 171 (1987). The District
Court never had an hearing Pursuant to The Probative Value of
such testimony that had no relevancy to the facts of the case at
trial,... This testimony clearly prejudiced Petitioner Kadir's

-6-

trial,... Also in U.S. V. Anderson 933 F.2d. 1261 ( 5th Circuit
1991 ) Jury may not premise criminal verdict on Defendant's
character, but only on evidence relevant to charged crime,...
Also see U.S. V. Bradley, 173 F.3d. 225 ( 3rd Circuit 1999 ).

In balancing The Probative Value of Evidence against
it's prejudicial effect, The District Court must appraise the
genuine need for the challenged evidence and balance that necessity
against the risk of prejudice to the Defendant,... Also see Tanner
V. Westbrook, 174, F.3d. 542 ( 5th Circuit 1999 ). When Expert
testimony is offered, the trial judge must perform a screening
function to ensure that the expert's opinion is reliable and
relevant to the facts at issue in the case,... Petitioner Abdul
Kadir was prejudiced by the expert testimony that had no relevancy
to the facts of the case,... 5th and 14th Amendment Due Process
violations: See [ App. 43 A-B., Also App. 49 to 53 ].

## POINT TWO

WHETHER DISTRICT COURT " ERRED ", BY
COMMITTING " ABUSE OF DISCRETION "
BY VIOLATING [ F.R.EV. P. ] RULE 404(b)?
5th AND 14th AMENDMENT DUE PROCESS VIOLATIONS:

(B) STANDARD OF REVIEW IS DE NOVO BASED ON ABUSE
OF DISCRETION SEE, U.S. V. HESTER 140 F.3d. 753 ( 8th CIRCUIT 1998 )

According to U.S. Hester, 140 F.3d. 753 ( 8th Circuit
1998 ) Trial Court has discretion to admit relevant photograph
unless it is so gruesome or inflammatory that it's prejudicial
impacts substantially outweighs it's probative value,... In
[ F.R.EV.P. ] Rule 404(b), Other crimes, wrongs, or acts, evidence
of other crimes, wrongs, or acts is not admissable to prove the

-7-

character of a person in order to show action in conformity therewith,... Here in Petitioner Kadir's trial The Government introduced photos of Petitioner Kadir holding five guns and one was an AK47 machine gun,... See App. ( 228,230,245 ),... These pictures were highly inflammatory to an American jury,..." For these reasons,... (1) The Petitioner is muslim,... Charged with terrorist acts,... Even with the instructions of the Judge Pursuant to these photos,... The American jurors do not distinguish any legal fact,..." When they see a foreign muslim on trial for terrorist acts,...

Then once they see him,... Holding an AK47,... This is the weapon of choice for all terrorists and enemy combatants,... So the jurors The American citizens of this country associate AK47's with terrorists,... This probative value of these pictures at trial are prejudicial,... Especially when Petitioner Kadir never in his life committed any crimes with a gun or any threats to this country or anyone in particular,... These photos were not relevant or needed by The Government but were only used to inflame the passions of the jury,... And the fact that these pictures were along with his family photos shows more weight to the purpose of the photos than what The Government projected them to before,... See U.S. V. Miles 207 F. 3d. 988 ( 7th Circuit 2000 ).

Evidence is unfairly prejudicial, " If it will induce the jury to decide the case on an improper basis rather than on the evidence presented,... Also see Beathard V. Johnson 177 F. 3d. 340 ( 5th Circuit 1999 ). Government may not attempt to prove a defendant's guilt by showing that he associates with unsavory characters,... The Government used the fact that Petitioner Kadir was a foreign muslim,... On trial with these other foreign muslims,... With charges of terrorist acts against this country..." They knew that once they introduced these photos, of Kadir holding an AK47 machine gun,... Then to add gasoline to the fire,... Going to Iran..." It's not an atoms weight of doubt to these American jurors,... Kadir's not a terrorist and guilty?...

-8-

These photos were so prejudicial to the trial, that
the damage could not be fixed,... Even with the instructions
of the judge,... 5th and 14th Amendment Due Process Violation,...

## POINT THREE

WHETHER DISTRICT COURT " ERRED " BY
COMMITTING " ABUSE OF DISCRETION "
BY DENYING MITIGATING EXCULPATORY
EVIDENCE AT TRIAL, PURSUANT TO
PETITIONER KADIR'S CULPABILITY
IN SAID CASE? 5th AND 14th AMENDMENT
DUE PROCESS VIOLATIONS...

(C) STANDARD OF REVIEW IS " DE NOVO " BASED ON ABUSE OF
" DISCRETION ", SEE U.S. V. MULDERING
120 F. 3d. 354 ( 5th CIR. 1997 ).

According to U.S. V. Muldering, 120 F. 3d. 354
( 5th Circuit 1997 ) Conviction in Circumstantial Evidence
case will be reversed if evidence points equally to theory
of innocence and guilt,... At Petitioner Kadir's trial the
District Court denied him from entering the recorded conversations
by (CI) Francis where Petitioner Kadir vigorously opposed the
plan to bomb J.F.K. Airport or anything like that,... Or the
killing of innocent people,... And how he opposed Al-Qaeda's
killing of innocent people,... And his students are also heard
saying the same,...
By denying this evidence at trial,... Which goes
directly to the trial defense and is a fact that supports
Petitioner's innocence,... In The United States Supreme Court
Stare Decisis Precedent case in Eddings V. Okla, 455 U.S. 104
113 (1982). In Eddings The Court found no distinction between
a statutory provision precluding a Judge or Jury from considering

-9-

mitigating evidence and a trial judge's refusal to do so,...
just as the state may not by statute preclude the sentencer
from considering any mitigating factor, neither may the
sentencer refuse to consider, as a Matter Of Law," any relevant
mitigating evidence,... Also see U.S. V. Fell 531 F. 3d. 197,
222 ( 2d. Circuit 2008 )[ Mitigating evidence need only to be
relevant and need not have a nexus to the murder ]. Also see
Lambright V. Schriro 490 F. 3d. 1103,1114-15 ( 9th Circuit 2007.)
         ( Admissibility of mitigating evidence does not
require showing of explanatory nexus to crime): Also see
Dowthitt V. Johnson, 230 F. 3d. 733 ( 5th Circuit 2000 ).
Suppression of evidence material to guilt or punishment violates
Defendant's Fundamental Due Process rights): Also see Gray V.
Klauser, 282 F. 3d. 633 ( 9th Circuit 2002 )( A state may not
arbitrarily prevent Defendant from presenting evidence that is
material, trustworthy, and important to his defense.): When
The District Court denied Petitioner Kadir the right to introduce
this evidence, that was Exculpatory Mitigating Evidence which
could have been used at sentencing and presented to the jury
to show Petitioner's intent,..." Which was to do no harm to
no one,...
         But to only attempt to get money for a masjid and
that he had no intentions of being any part of these guys plans
to hurt people,... And definitely not out to bomb J.F.K. Airport,...
Petitioner's religious belief,... Opposed this,... This denial
of this evidence at trial is a glaring 5th and 14th Amendment
Due Process Violation and put Petitioner Kadir's conviction
and sentence under a Fundamental Miscarriage of Justice,...
And this level of error is a Manifest Constitutional Error
along with Manifest error,... See App 156 to 166 ). Also
( See App. 315 )( Supports Petitioner's innocence.)


                    POINT FOUR


                        -10-

WHETHER ATTORNEY KAFAHNI NKRUMAH ESQ.
WAS CONSTITUTIONALLY INEFFECTIVE DURING
PETITIONER ABDUL KADIR'S TRIAL AND SENTENCING
BY NOT RAISING THE RIGHT TRIAL DEFENSE
BASED ON " MENS REA " OR CORRECT SENTENCING
MEMORANDUM OF LAW? 6th AMENDMENT VIOLATION:

(D) STANDARD OF REVIEW IS DE NOVO, BASED ON
" INEFFECTIVE ASSISTANCE OF COUNSEL "
SEE ELEY V. BAGLEY, 604 F. 3d. 958,968-70 ( 6th CIR. 2010.)

According to Eley V. Bagley, 604 F. 3d. 958,968-70
( 6th Circuit 2010 )[ Presumption applicable when counsel did
not fully investigate mitigating evidence before sentencing
phase): Also see Johnson V. Mitchell 585 F. 3d. 923,945 ( 6th
Circuit 2009 )( Counsel's failure to do any presentence
investigation was prejudicial because no potential mitigating
evidence presented even though such evidence existed): At
Petitioner's trial and sentencing there were mitigating evidence
that trial counsel should of demanded be introduced as evidence
that went directly to Petitioner's innocence and intent,...
These mitigating factors should have been used at sentencing
in a Memorandum Of law by Attorney Nkrumah,... Where Petitioner
Kadir's sentence would not have been so severe,... Also Attorney
Nkrumah did not raise the proper trial defense for trial,...
       He should have used a " Mens Rea ' defense,... Based
upon the fear Abdul Kadir had of these known terrorists,...
The reason he didn't go to the police was because he didn't
want them blowing up his home and killing his family,... This
is a real fact that should have been heard at trial,... because
if they'll attempt to blow up The Airport at J.F.K.,... Imagine
what they would have done to Petitioner Kadir's home and family?
Also See Dugas V. Coplan 428 F. 3d. 317, 332 ( 1st Circuit 2005 )

-11-

[ Counsel's failure to investigate possible defense was ineffective assistance ]: Also in The United States Supreme Court Precedent Case Strickland V. Washington, 466 U.S. 668, (1984) For evaluating claims of ineffective assistance of counsel requiring that the Defendant show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different,...

Also see Lafler V. Cooper 178 L. Ed. 2d. 622 ( 2011 Lexis 10 ). Because Lafler's Attorney provided ineffective advice The Court remanded case to determine an appropriate remedy Here in Petitioner Kadir's trial Attorney Nkrumah,... Advised Petitioner to take the stand in his own defense,... This decision by counsel was damaging and a total disaster,... All these professional errors by trial counsel tainted the fairness of Petitioner's trial and sentencing,... 6th Amendment Violation:

## CONCLUSION

Wherefore all the following facts and Memorandum Of Law in Support of Petitioner's Claims, and Arguments,... Said 28, U.S.C. 2255 Motion Be Granted in The Interest Of Justice He forever prays:

C.C. Filed: 7/17/2014

Sincerely Submitted,

ABDUL KADIR
NO. 64656-053
U.S.P. CANAAN
P.O. BOX 300
WAYMART, PA 18472

-12-

## CERTIFICATE OF SERVICE

I, Abdul Kadir, hereby the undersigned certifies that on the date below, a true and correct copy of the foregoing was conveyed to Prison Authorities for mailing in accordance with Prison legal Mail Policy with First Class U.S. Postage prepaid and properly addressed to the following party:

LORETTA E. MILLER, UNITED STATES ATTORNEY
MARSHALL MILLER, JASON JONES, BERIT BERGER.
ASST. U.S. ATTORNEYS
271 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

Date: 8/11/14 6/21/2014 /AK.

Submitted By:

ABDUL KADIR
NO. 64656-053
U.S.P. CANAAN
P.O. BOX 300
WAYMART, PA 18472

-13-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,       )
                                )
        (Plaintiff/Respondent), )       Case No. **1:07-cr-00543-DLI**
                                )
vs.                             )       USM Number: **64656-053**
                                )
ABDUL KADIR,                    )       Judge: **Dora L. Irizarry**
                                )
        (Defendant/PEtitioner). )
_____

State of Pennsylvania)
County of Wayne       ) SS
Town of Waymart       )

### AFFIDAVIT IN SUPPORT OF §2255 MOTION

ABDUL KADIR, also known as AUBREY MICHAEL SEAFORTH, being duly sworn, deposes and says:

1)  I am the defendant in the above captioned case and I make this affidavit in support of my §2255 motion to vacate, set aside or correct my sentence.

2)  I was born in (the then) BRITISH GUYANA on December 8, 1951.

3)  British Guyana became Guyana with its national independence on May 26, 1966.

4)  Guyana became the "Co-operative Republic of Guyana" on February 23, 1970 when the nation achieved a republic status.

5)  I am a naturalized citizen of the Soverign Nation of the Co-op Republic of Guyana, and I never visited the United States of America.

- 1 -

6) On February 19, 2007, two citizens of the United States of America, namely Stephen Francis, also known as "Annas" and Russell Defreitas, also known as "Muhammad", approached me at my home in Linden, Guyana.

7) Steven Francis and Russell Defreitas told me about their intention and plans to commit acts of terrorism in the United States of America and asked me if I was interested in being a part of their plan.

8) I openly declared to Steven Francis and Russell Defreitas that I had no interest in their plans and I had no intention to be part of the criminal acts of terrorism within the United States, which Steven Francis and Russell Defreitas talked about.

9) I never agreed with the plan of Steven Francis and Russell Defreitas to commit acts of terror in the United States of America, and I did not agree to be a part of it.

10) I never spoke to anyone about the proposed acts of terrorism in the United States of America, except to confirm to the person who brought Steven Francis and Russell Defreitas to my home, that he must relay to Francis and Defrietas that neither myself nor anyone whom I knew had any interest in their plans.

11) Steven Francis subsequently questioned me on the telephone and in person and I openly declared my opposition to and rejection of thier plan for me to be engaged in any way in acts of terrorism.

12) My intended journey to Iran in 2007 was solely to attend a religious seminar and I never had any intention of ever mentioning the plans of Steven Francis and Russell Defreitas to anyone who I might have met.

13) My fear of retaliation from these two individual, kept me from disclosing, and/or bringing such information to the proper authorities, in light of, if these individuals were willing to attack the United States, who was I to defend me and my family from them.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the above mentioned facts are true, complete, correct and not misleading, to the best of my ability.

Dated: 2/11/14.                       /s/ _____
                                          Abdul Kadir


                            JURAT

Pennsylvania State )
Wayne County       )          SS.

I, _____, a public notary, sworn under oath, that Abdul Kadir, signed this Affidavit in my presence, on 11th of February.


_____
Notary Public                      (Seal)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Colleen Janeski - Notary Public
CANAAN TWP, WAYNE COUNTY
MY COMMISSION EXPIRES JAN. 19, 2015

(My Commission expires: 1-19-2015 )

- 3 -

IN  THE  UNITED  STATES  DISTRICT  COURT

EASTERN  DISTRICT  OF  NEW  YORK

CASE NO   1:07 - CR-543  DLI


UNITED   STATES   OF   AMERICA


VS.


ABDUL KADIR

MOTION   FOR   LEAVE   TO   PROCEED   IN   FORMA   PAUPERIS

The above named defendant/petitioner requests leave to file the attached petition of "Habeas Corpus Motion under 28 USC 2255" without payment of costs.

He further requests permission to proceed "in forma pauperis". Defendant/Petitioner has previously been granted leave to proceed in the Circuit  Court of Appeals under the Criminal Justice Act. See 18 U·S·C§ 3006A.


Abdul Kadir
No. 6456-053
USP Canaan
P.O. Box 300
Waymart, PA. 18472

AO 240  (Rev. 06/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the

_UNITED STATES OF AMERICA_ )
_____ )
Plaintiff )
v. )        Civil Action No. _____
_ABDUL KADIR_ )
_____ )
Defendant )

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _U.S.P CANAAN_
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are: _N/A_

My gross pay or wages are: $ _N/A_, and my take-home pay or wages are: $ _N/A_ per

(specify pay period) _N/A_

3. *Other Income.* In the past 12 months, I have received income from the following sources (check all that apply):

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☐ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☐ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts, or inheritances | ☐ Yes | ☐ No |
| (f) Any other sources | ☐ Yes | ☐ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240  (Rev. 06/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ _N/A_ .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value):*

N/A .

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense):*

N/A .

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

N/A .

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable):*

N/A .

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _8/11/14_

_____
Applicant's signature

_ABDUL  KADIR_
Printed name